**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

CRAIG ALFORD,

        Petitioner,                   Civil No. 15-3783 (PGS)

     v.                                **OPINION**

CHARLES ELLIS, et al.,

        Respondents.

**SHERIDAN, District Judge**

    Petitioner Craig Alford ("Petitioner"), a prisoner currently confined at Mercer County Correctional Center in Trenton, New Jersey, has submitted a Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. (ECF No. 1.) For the reasons stated herein, the Petition will be dismissed as unexhausted.

**I. BACKGROUND**

    Petitioner alleges that in 1998, a Pennsylvania state court convicted him of possession of cocaine with intent to distribute, aggravated assault and reckless endangerment, for which he was sentenced to nine to eighteen years. (Pet. ¶¶ 1, 3, 5.) On May 6, 2015, Petitioner was arrested for violation of his parole when he admitted that he had smoked marijuana. (Pet. ¶ 12.) Petitioner alleges that according to their own regulations, the New Jersey Parole Board was required to provide him with a parole revocation hearing within fourteen days of his arrest and notice of the hearing date at least three days prior. (*Id.*) Petitioner contends that he did not receive a timely hearing or proper notice of the hearing, which violated his due process and equal protection rights. (*Id.*) He further alleges that his parole was revoked as retaliation for a civil

action Petitioner filed against his parole officer. (*Id.*) Petitioner is seeking release from confinement.

## II. DISCUSSION

### A. Legal Standard

As amended by the Antiterrorism and Effective Death Penalty Act of 1996 (AEDPA), 28 U.S.C. § 2254 now provides, in pertinent part:

> (a) The Supreme Court, a Justice thereof, a circuit judge, or a district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.
>
> (b) (1) An application for a writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted unless it appears that —
>
> (A) the applicant has exhausted the remedies available in the courts of the State; or
>
> (B) (i) there is an absence of available State corrective process; or
>
> (ii) circumstances exist that render such process ineffective to protect the rights of the applicant.
>
> …
>
> (c) An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.

28 U.S.C. § 2254.

Thus, a state prisoner applying for a writ of habeas corpus in federal court must first "exhaust[ ] the remedies available in the courts of the State," unless "there is an absence of available State corrective process[ ] or … circumstances exist that render such process ineffective

...." 28 U.S.C. § 2254(b)(1). *See also Rose v. Lundy*, 455 U.S. 509, 515 (1982); *Lambert v. Blackwell*, 134 F.3d 506, 513 (3d Cir. 1997).

A petitioner exhausts state remedies by presenting his federal constitutional claims to each level of the state courts empowered to hear those claims, either on direct appeal or in collateral post-conviction proceedings. *See, e.g., O'Sullivan v. Boerckel*, 526 U.S. 838, 847 (1999) ("requiring state prisoners [in order to fully exhaust their claims] to file petitions for discretionary review when that review is part of the ordinary appellate review procedure in the State"); 28 U.S.C. § 2254(c) ("An applicant shall not be deemed to have exhausted the remedies available in the courts of the State, within the meaning of this section, if he has the right under the law of the State to raise, by any available procedure, the question presented.") Once a petitioner's federal claims have been fairly presented to the state's highest court, the exhaustion requirement is satisfied. *Castille v. Peoples*, 489 U.S. 346, 350 (1989); *Picard v. Connor*, 404 U.S. 270, 275 (1971).

The petitioner generally bears the burden to prove all facts establishing exhaustion. *Toulson v. Beyer*, 987 F.2d 984, 987 (3d Cir. 1993). This means that the claims heard by the state courts must be the "substantial equivalent" of the claims asserted in the federal habeas petition. *Picard*, 404 U.S. at 275. Reliance on the same constitutional provision is not sufficient; the legal theory and factual basis must also be the same. *Id.* at 277. Failure to exhaust may be excused on the basis that state process is unavailable, but "state law must clearly foreclose state court review of unexhausted claims." *Toulson*, 987 F.2d at 987.

**B. Analysis**

In his Petition, Petitioner specifically acknowledges that he has not exhausted his state court remedies, stating that "there is no remedy available." (Pet. ¶ 12(c).) However, that is not

correct. New Jersey state law[1] provides administrative and judicial review processes applicable to Petitioner's claims. Specifically, any denial of parole by an Adult Panel is appealable to the Parole Board, provided certain conditions are met. N.J. Admin. Code Title 10 Sec. 71–4.2. Moreover, New Jersey law provides an absolute right to appeal any action or decision of a State administrative agency to the Superior Court, Appellate Division, both under the State Constitution, N.J. Const. Art. VI, Sec. 5, para. 4; *Trantino v. New Jersey State Parole Bd.*, 764 A.2d 940, 976 (N.J. 2001) *modified on other grounds*, 772 A.2d 926 (N.J. 2001), and under the New Jersey Court Rules, Pressler, Current New Jersey Court Rules, Rule 2:2-3(a)(2) (2001). This exclusive procedure encompasses appeals from "inaction as well as action of a State administrative agency." *Trantino v. New Jersey State Parole Bd.*, 687 A.2d 274, 287 (N.J. Super. Ct. App. Div. 1997) *aff'd and modified*, 711 A.2d 260 (1998); *Johnson v. New Jersey State Parole Bd.*, 330 A.2d 616, 618 (N.J. Super. Ct. App. Div. 1974); *see also Petrucelli v. Dep't of Civil Serv.*, 101 A.2d 363, 364 (N.J. Super. Ct. App. Div. 1953) ("The import of the rule embraces official administrative conduct of a negative character as well, such as, for example, the refusal to consider a meritorious petition, or to conduct a hearing, or to render any decision in a controversial cause appropriately before the [agency].").

Petitioner has failed to adequately appeal and exhaust his claims regarding his parole revocation proceedings. He has also failed to establish that either "there is an absence of available State corrective process[ ] or ... circumstances exist that render such process ineffective...." 28 U.S.C. § 2254(b)(1). Accordingly, this Petition will be dismissed without prejudice for failure to

---

[1] It is not clear to the Court why Petitioner is under the supervision of the New Jersey Parole Board for a Pennsylvania state court conviction, however Petitioner very clearly identifies the New Jersey Parole Board as the entity which has denied him his rights.

exhaust administrative remedies.[2]

## III. CERTIFICATE OF APPEALABILITY

Pursuant to 28 U.S.C. § 2253(c), unless a circuit justice or judge issues a certificate of appealability, an appeal may not be taken from a final order in a proceeding under 28 U.S.C. § 2254. A certificate of appealability may issue "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). "When the district court denies a habeas petition on procedural grounds without reaching the prisoner's underlying constitutional claim, a COA should issue when the prisoner shows, at least, that jurists of reason would find it debatable whether the petition states a valid claim of the denial of a constitutional right and that jurists of reason would find it debatable whether the district court was correct in its procedural ruling." *Slack v. McDaniel*, 529 U.S. 473, 484 (2000).

Here, jurists of reason would not find the correctness of this Court's procedural ruling to be debatable. No certificate of appealability shall issue.

## IV. CONCLUSION

For the reasons set forth above, the Petition is dismissed without prejudice for failure to exhaust state remedies. No certificate of appealability shall issue. An appropriate order follows.

Dated: 7/27/15

Peter G. Sheridan, U.S.D.J.

---

[2] The motions for a writ a habeas corpus which Petitioner filed in Civil Actions Nos. 15-2638 (ECF No. 19) and 15-3484 (ECF No. 3) are essentially restatements of the arguments raised herein. Said motions are dismissed as duplicative.